# In the United States Court of Federal Claims

No. 41-2111T
Filed: December 3, 2025
FOR PUBLICATION

| |
|---|
| **DIANSKY ROUZARD,**           *Plaintiff,*  v.  **UNITED STATES,**           *Defendant.* |

*Diansky Rouzard*, pro se.

*Jason Bergmann*, U.S. Department of Justice, Washington, DC.

### MEMORANDUM OPINION AND ORDER

      The plaintiff, Diansky Rouzard, proceeding *pro se*, filed this action against the United States, acting in part through the Internal Revenue Service ("IRS"), on December 20, 2024. Among other claims, the complaint seeks recovery of alleged overpayments of federal income tax for the 2019 and 2022 tax years.

      The defendant moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). The defendant argues the plaintiff's claims for both the 2019 and 2022 tax years should be dismissed because the plaintiff did not duly file an administrative claim for a refund for the 2019 and 2022 tax years.[1]

      The plaintiff's administrative claims and subsequent complaint allege that the plaintiff is owed three refunds: two from overpayments in the 2019 tax year and one from an over-withholding in the 2022 tax year. The plaintiff fails to provide documentation to support his claim of overpayments or the over-withholding. The complaint fails to show that the plaintiff "duly filed" administrative claims with the IRS, as required by the Internal Revenue Code. Accordingly, the complaint fails to state a claim upon which relief can be granted and is dismissed under RCFC 12(b)(6).

---

[1] The defendant presents two other bases for dismissal. These arguments are not addressed because the defendant's challenge to the adequacy of the plaintiff's administrative claims is enough to support dismissal.

**I.     FACTUAL BACKGROUND[2]**

On February 22, 2023, the plaintiff filed a Form 1040 for the 2019 tax year, reporting an overpayment by the "DIANSKY ROUZARD ESTATE" of $30,046. The plaintiff listed his occupation as "Executor" of the estate and reported taxable income of $17,846. After applying the standard deduction of $12,200 and claiming the child-tax-credit for two children, the plaintiff did not owe any income tax. The plaintiff also noted in his Form 1040 "2019 estimated tax payments and amount applied from 2018 return," totaling $30,046. The plaintiff claimed this $30,046 was an overpayment he had made for 2019 and sought a refund for that amount.

The IRS could not substantiate that it had received any payments from the plaintiff for tax year 2019, and the plaintiff provided no evidence with his return to document that he had paid $30,046 towards his 2019 income-tax liability. Because the IRS had no documentation of the $30,046 the plaintiff claimed to have paid, the IRS sent the plaintiff a CP13 notice.[3] In the notice, the IRS informed the plaintiff that it had determined the claimed $30,046 overpayment was an error on the plaintiff's 2019 tax return and would remove the overpayment unless the plaintiff provided documentation substantiating the overpayment. The plaintiff did not respond, and the IRS adjusted the plaintiff's 2019 account to remove the claimed overpayment.

On February 2, 2023, the plaintiff electronically filed a Form 1040 for the 2022 tax year. This form was accompanied by W-2 forms from four different employers. The plaintiff reported

---

[2] The facts outlined are drawn from the complaint, exhibits in support of the motion to dismiss, and exhibits to the plaintiff's opposition to the motion. When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted a court is allowed to consider not only "the allegations in the complaint, [but] may also look to matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (quotation omitted). Additionally, "documents appended to a motion to dismiss 'are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim'" and a court may consider such documents in a motion to dismiss. *Terry v. United States*, 103 Fed. Cl. 645, 652 (Fed. Cl. 2012) (quoting *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). In considering the adequacy of a claim under RCFC 12(b)(6), a court must both accept as true a complaint's well-pleaded factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and draw all reasonable inferences in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). When a disparity exists between the bare allegations of the complaint and an exhibit integral to the complaint, the exhibit controls. *Rocky Mtn. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016).

[3] A CP13 is issued by the IRS when the IRS "corrected one or more mistakes on [a] tax return" and the correction of a tax-return error does not result in the taxpayer owing additional money or being owed an additional refund. Internal Revenue Service, *Understanding your CP13 notice*, https://www.irs.gov/individuals/understanding-your-cp13-notice (last visited Dec. 1, 2025). As result, a CP13 notice informs a taxpayer that the IRS has reduced the taxpayer's account balance to zero.

total income of $4,376, consisting of $4,373 in wages and $3 in taxable interest; he listed his occupation as "[u]unemployed." After applying the standard deduction of $12,950, the plaintiff did not owe any income tax. The plaintiff also reported tax payments of $713, consisting of $378 in income tax withheld and $335 under the Earned Income Tax Credit. The plaintiff identified these items as overpayments and requested a refund of $713.

The IRS accepted the plaintiff's 2022 tax return as filed. The IRS account transcript for the plaintiff's 2022 tax return shows zero tax due and an overpayment of $713. Because the plaintiff still owed taxes from the 2021 tax year, the IRS credited the entire refund of $713 to that 2021 deficiency.

On June 5, 2023, the IRS received a Form 1040-X, amending the plaintiff's 2022 tax return. On the amended return, the plaintiff reported total income of $49,094, all attributed to a source described as "Redeem in Lawful Money per Title 12 U.S.C. § 411." The return listed the plaintiff's occupation as "[b]ene." After applying the standard deduction of $12,950, the plaintiff's taxable income totaled $36,144, resulting in income-tax liability of $4,130. The plaintiff reported a withholding of $49,094. The source of the withholding was described as "[f]ederal income tax withheld from Form(s) 1099."[4] The plaintiff requested a refund of $49,094. The plaintiff supplied a Form 1099-A that purports to show that the plaintiff was a lender to a mortgage company, which had an outstanding balance of principal on a loan of $49,094. The Form 1099-A does not reflect any withholdings for payment of federal taxes.

The IRS account transcript for the 2022 tax year reflects receipt of the amended Form 1040 but no Form 1099 to substantiate the claimed withholding of $49,094. In the absence of any Form 1099 associated with the plaintiff, the IRS did not recognize the claimed withholding and did not issue the plaintiff a refund.

## II. PROCEDURAL HISTORY

The plaintiff filed this action on December 20, 2024, and filed an amended complaint on January 2, 2025. The amended complaint presented three claims. First, the plaintiff alleged that the IRS failed to process refundable tax credits claimed on the plaintiff's 2019 and 2022 tax returns totaling $75,010. Second, the plaintiff alleged that the IRS acted with "administrative negligence" and "violat[ed] fiduciary obligations," resulting in "significant financial harm, including lost opportunities and reputational damages, as well as emotional distress" when it

---

[4] A Form 1099 is used to report income derived from sources other than wages, for example bank interest or dividends on equities. Like a W-2 form used to report wages, a 1099 form is issued to the taxpayer and filed with the IRS by the source of the income, such as the bank (in the case of interest on a bank account). The plaintiff alleges to have filed a 1099-A, which applies to the acquisition or abandonment of secured property. Taxpayers should file a 1099-A, if they "lend money in connection with [their] trade or business and, in full or partial satisfaction of the debt, [they] acquire an interest in property that is security for the debt, or [they] have reason to known that the property has been abandoned." Internal Revenue Service, *Instructions for Forms 1099-A and 1099-C*, https://www.irs.gov/pub/irs-pdf/i1099ac.pdf (Rev. April 2025).

failed to process the plaintiff's claims promptly. Third, the plaintiff alleged that the IRS's failure to process the plaintiff's tax return "constitute[d] a deprivation of property without due process" in violation of the fifth amendment. In total, the plaintiff sought damages of $75,010 for the credits allegedly due and $274,315,010 in "compensatory damages, civil penalties, and additional damages," for a total of $274,390,020.

On June 6, 2025, the defendant moved for dismissal of the claims for compensatory damages. That motion was granted. *Rouzard v. United States*, No. 24-2111, 2025 WL 2366443 (Fed. Cl. June 18, 2025). The claims for refunds for the 2019 and 2022 tax years remain pending.

On October 8, 2025, the defendant moved to dismiss the remaining claims seeking tax refunds for the years 2019 and 2022.[5] The plaintiff filed an opposition to the motion to dismiss on October 14, 2025. With his opposition to the motion, the plaintiff submitted several exhibits. The defendant filed a reply brief on November 26, 2025. Oral argument is not necessary to resolve the motion.

### III.   JURISDICTION

"Jurisdiction is power to declare the law" or "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 94-95 (1998) (emphasis omitted). Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Id*. A plaintiff bears the burden to establish by a preponderance of the evidence the existence of subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any

---

[5] The defendant was due to file a dispositive motion by September 29, 2025. On that date, the defendant sought more time and on September 30, 2025, was ordered to file its dispositive motion by October 6, 2025. The defendant was unable to meet that new deadline due to its counsel's unforeseen illness. New counsel substituted as counsel of record, and on October 7, 2025, the defendant sought leave to file its dispositive motion late. On October 8, 2025, that motion was granted, and the defendant filed its motion that same day. The plaintiff objected to the order granting the defendant more time to file its motion and requested reconsideration of that order. The plaintiff again objected in his response to the motion to dismiss to the defendant having been given more time to file its motion. The motion for reconsideration was denied after the plaintiff filed his response to the motion to dismiss. A motion to dismiss under RCFC 12(b)(1) or 12(b)(6) can be raised at any time. RCFC 12(h). The plaintiff's argument that the defendant's motion "should be stricken or denied as procedurally defective" is without merit.

>regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act itself does not "create[ ] a substantive right enforceable against the Government by a claim for money damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Instead, the Tucker Act limits this court's jurisdiction to causes of action based on separate money-mandating statutes and regulations. *Metz v. United States*, 466 F.3d 991, 995-96 (Fed. Cir. 2006).

Section 1346(a)(1) of 28 U.S.C. confers on the Court of Federal Claims jurisdiction, concurrent with the district courts, "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected . . . ."

Jurisdiction to consider claims for tax refunds is limited by 26 U.S.C. § 7422(a), which provides:

>No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

## IV. DISCUSSION

To sue to recover a tax refund, a "taxpayer must comply with the tax refund scheme established in the [Internal Revenue] Code." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). For a court to have jurisdiction over a tax refund claim, the Internal Revenue Code requires that the claimant first "duly file" an administrative claim with the IRS for a refund. 26 U.S.C. § 7422(a); s*ee United States v. Dalm*, 494 U.S. 596, 602 (1990). The requirement that an administrative claim be filed goes to jurisdiction; the adequacy of an administrative filing to support a claim goes to whether a claim is meritorious. *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *Brown v. United States*, 22 F.4th 1008, 1011-12 (Fed. Cir. 2022)).

The "duly filed" requirements of section 7422(a) "governing the 'adequacy of the filing' go to whether a plaintiff can prove entitlement to relief," *Leopard v. United States*, ___ Fed. Cl. ___, ___, 2025 WL 2803052, at *2 (Fed. Cl. Oct. 2, 2025) (quoting *Dixon*, 67 F.4th at 1161), and thus exhibits offered by a plaintiff to prove they duly filed their administrative claim alleged in their complaint are central to their claim. Therefore, taken as facially true, the exhibits the plaintiff attached to his response to the motion to dismiss can be considered in determining if the plaintiff duly filed his administrative claim. When, even after taking the allegations of a complaint and the exhibits supporting them as true, a plaintiff cannot show that an administrative

5

claim for the refund satisfying the regulatory requirements to be "duly filed" was submitted to the IRS before suing in court, the complaint must be dismissed under RCFC 12(b)(6). *Brown*, 22 F.4th at 1010-12.

The applicable regulations require that for a claim to be "duly filed," it "[m]ust set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the [IRS] of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund . . . ." 26 C.F.R. § 301.6402-2(b)(1); *see Hall v. United States*, 148 Fed. Cl. 371, 377 (Fed. Cl. 2020). Compliance with this provision requires a party seeking a refund to provide the IRS with all documents, such as W-2s and 1099 forms, necessary to allow the IRS to resolve the claim. *See Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012). The requirement for specificity and documentation prevents frivolous claims. *Id*. "[U]nsupported assertions or tax-protestor arguments do not satisfy the administrative requirements necessary to state a claim" for a tax refund. *Leopard*, ___ Fed. Cl. at ___, 2025 WL 2803052, at *3.

Although the plaintiff claimed entitlement to refunds in his 2019 tax return and his amended 2022 tax return, he has never provided the IRS with documentation to substantiate that he made the claimed overpayments.

The plaintiff's 2019 tax return did not include any documentation reflecting any payment of taxes entitling the plaintiff to a refund, and the IRS has no record of any payment from the plaintiff. The plaintiff merely identified $30,046 as an "overpayment" and requested, without any evidence, a refund. As a result, the plaintiff has not provided the IRS with the information necessary to adjudicate his claim. Unsupported assertions are not enough to show that the plaintiff duly filed an administrative claim for refund. *See, e.g., Leopard,* above; *Goldberger v. United States*, 150 Fed. Cl. 284 (2020); *Meisssner v. United States*, 136 Fed. Cl. 763 (2018).

In 2022, the plaintiff filed a Form 1040 associated with four W-2 forms. The plaintiff then filed an amended return claiming that $49,094, described as "redeem in lawful money per Title 12 U.S.C. § 411," had been withheld. The IRS validated the plaintiff's original 2022 return and allowed a refund for overpaid taxes. The amended return does not provide any evidence to substantiate the claimed overpayment. The IRS has no record of any payments from the plaintiff besides the tax on his wages, reflected in the W-2 forms. The IRS has no record of receiving any 1099-A forms from the plaintiff, and the purported 2022 Form 1099-A submitted with the amended return does not substantiate the claimed refund. Indeed, the Form 1099-A is implausible on its face, as it reflects that the plaintiff, who is unemployed, is lending funds to a mortgage lender. Further, the claim does not explain the source of the income. The plaintiff merely attributes the income to "lawful money per Title 12 U.S.C. § 411." Section 411 of Title 12 of the U.S. Code authorizes the Federal Reserve Board to issue notes to federal reserve banks as advances. The section has nothing to do with the plaintiff, who did not explain to the IRS and does not explain here how he earned income under the section. Relying on a statute that has no application to the plaintiff, the amended return is frivolous on its face. Again, without any documentation to support his claim for a refund, the plaintiff has not duly filed an administrative claim.

The plaintiff argues that five documents he attached as exhibits to his opposition to the motion to dismiss support his claim that he duly filed his administrative refund claims in 2019 and 2022.  These documents are: (1) a Tax Compliance Report, dated October 9, 2025, showing the plaintiff filed a timely 2022 tax return; (2) a Record of Account, dated November 14, 2023, showing that the IRS received and processed the plaintiff's 2019 tax return; (3) a screenshot of his IRS account, confirming that his amended Form 1040-X was filed and processed; (4) a CP13 notice, dated November 13, 2023, described by the plaintiff as "confirming the 2019 return was received, retained, and manipulatively adjusted while the refund was held []pending verification;" and (5) 1099-A forms from 2019 and 2022 confirming that the plaintiff had submitted his 2019 and 2022 claims through a third-party filer.

The first four documents do not show that the plaintiff's claims were duly filed.  They are either not relevant to proving that his administrative claims were duly filed or are insufficient to meet that burden.  The refund claims the plaintiff submitted to the IRS are missing information to substantiate his claims.  The exhibits provided by the plaintiff in his response do not show that supporting documents with the missing information required to process his refund claims were filed with the IRS..  Rather, the exhibits merely reaffirm that the plaintiff filed refund claims and do not show that the refund claims complied with regulatory requirements.  Indeed, the plaintiff was notified by the CP13 that an error was found in his 2019 refund claim.  Providing documentation that confirms refund claims were filed with the IRS is not sufficient to show that the plaintiff provided the IRS with documentation necessary to allow the IRS to adjudicate his claims.  *See Leopard*, ___ Fed. Cl. at ___, 2025 WL 2803052, at *4.

As for the 1099-A forms, the IRS has no record that the plaintiff submitted any 1099-A forms to the IRS in 2019 or 2022.  For an administrative refund claim to be duly filed, it must be received.  *United States v. Lombardo*, 241 U.S. 73, 76 (1916).  While a "timely and accurate mailing raises a rebuttable presumption that the mailed material was received, and thereby filed," *Miller v. United States*, 784 F.2d 728, 730 (6th Cir. 1986) (quoting *In Re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) (internal quotes omitted), the screenshots provided by the plaintiff as exhibits prove neither the timely submission to nor the receipt by the IRS of the 1099-A forms for either year.  The screenshots contain no visible date or other information to confirm when it was produced or even whether it was submitted, and nothing in the screenshots demonstrates that the IRS confirmed receipt.  Self-prepared 1099-A forms reflecting a purported "Acquisition or Abandonment of Secured Property" are not proof that such sums were withheld from the plaintiff and remitted to the IRS, or that the plaintiff himself paid that sum to the IRS.

## V.   CONCLUSION

None of the documents provided by the plaintiff show that he provided sufficient evidence for the IRS to process his claims. The plaintiff has therefore failed to show that an overpayment and withholding occurred and has not provided "facts sufficient to apprise the Commissioner of the exact basis" of the 2019 and 2022 refund claims, as required by 26 C.F.R. § 301.6402–2(b)(1). As a result, the plaintiff did not duly file his administrative claims for refunds.

Accordingly, under *Dixon* and *Brown*, the complaint for a $30,046 refund for the 2019 tax year and a $44,964 refund for the 2022 tax year is dismissed for failure to state a claim. The defendant's motion to dismiss under RCFC 12(b)(6) is **GRANTED**, and the complaint is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**